IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MITHILIA R. VENKATRAMAN and | ) | Case No. 16 B 27763 |
| RANJANI VENKATRAMAN | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing Date and Time: |
| | ) | **October 28, 2016, at 9:30 a.m**. |

## NOTICE OF MOTION

**TO:**   Attached Service List

**PLEASE TAKE NOTICE THAT** on **Friday, October 28, 2016, at 1:00 p.m**., I shall appear before the **Hon. A. Benjamin Goldgar, Bankruptcy Judge**, or any other judge sitting in her stead, in the Lake County North Branch Courtroom, 17902 Nicole Lane, Round Lake Beach, Illinois, and request a hearing on **Cystems Logic, Inc.'s Motion For Leave to Conduct 2004 Examination of Debtors and for Order to Produce and for Leave to Issue Third Party Subpoena**, a copy of which is attached hereto and hereby served upon you.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 18th day of October, 2016.

/s/ Herman J. Marino
Herman J. Marino

HERMAN J. MARINO, LTD., P.C.
Herman J. Marino (Atty. ID #1765817)
Danielle K. Kegley (Atty. ID #6320903)
53 West Jackson Blvd., Suite 1557
Chicago, Illinois 60604
(312) 347-9990
hjmarino@marinotaxlaw.com
dkegley@marinotaxlaw.com
*Attorneys for Cystems Logic, Inc.*

1

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Ilene F. Goldstein, ESQ.
Law Office of llenr F. Goldstein
900 Skokie Blvd., Ste: 128
Northbrook, Ill. 60062
847-562-9595

U.S. Trustee
Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn St, Room 873
Chicago, Ill. 60604
3120886-5785

David H. Cutler
Cutler and Associates, Ltd.
4131 Main St.
Skokie, Ill. 60076
847-673-8600
847-673-8636 Fax

By: /s/Andrew J. Nelson
ARDC #0621660
Pierce & associates, P.C.
1 N. Dearborn St., Suite 1300
Chicago, Ill. 60602
312-346-9088


**Persons served by U.S. Mail:**

Robert E Lee
Emmett Financial Services
13719 West Laurel Ave.
Lake Forest, Illinois 60045

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MITHILIA R. VENKATRAMAN, and | ) | Case No. 16 B 27763 |
| RANJANI VENKATRAMAN | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing Date and Time: |
| | ) | **October 28, 2016, at 1:00 p.m**. |

**CYSTEMS LOGIC, INC.'s MOTION FOR LEAVE TO CONDUCT 2004 EXAMINATIONS AND FOR ORDER TO PRODUCE AND FOR LEAVE TO ISSUE THIRD PARTY SUBPOENA**

Now comes CYSTEMS LOGIC, INC., by and through its attorneys, Herman J. Marino and Danielle K. Kegley of Herman J. Marino, Ltd., P.C., pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 2004, and in support of its MOTION FOR LEAVE TO CONDUCT 2004 EXAMINATIONS and for ORDER TO PRODUCE AND FOR LEAVE TO ISSUE THIRD PARTY SUBPOENA, respectfully states as follows:

**JURISDICTION**

1. This Court has Jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157, 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "Case") and of this Motion is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (E), and/or (O).

4. The predicates for the relief requested herein are 11 U.S.C. § 105(a) and Bankruptcy Rule 2004.

**BACKGROUND**

5. On August 30, 2016, MITHILIA R. VENKATRAMAN and RANJANI VENKATRAMAN (the "Debtors") filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code

3

(the "Bankruptcy Case").

6. The Debtors owned and operated and controlled a series of interconnected entities through which they conducted business and whose assets were used to pay the personal obligation of the Debtors. The Debtors' bankruptcy schedules identify the following entities: AZUR GLOBAL, INC., IGNIS PERFORMANCE, LLC, and REZILYENS LLC.

7. In addition, the records of the Illinois Secretary of State show that Azur Global, Inc. had the following related entities: AZUR, INC. AND AZUR INFOTECH, INC. (See **Exhibit 1**).

8. In the Debtor's schedules, MITHILIA R. VENKATRAMAN ("Husband") states he is the 100% shareholder of AZUR GLOBAL, INC. AND AZUR INFOTECH, INC. AND AZUR, INC. However his wife, the co-debtor RANJANI VENKETRAMAN was actively involved in the operations of Azur and she in fact was identified as the "Chief Operating Officer" and "Director of Operations" for Azur Infotech, Inc. in its contract with the moveant, Cystems Logic Inc. (See copy of Contract and Work Orders, **Exhibit 2**).

9. RANJANI VENKATRAMAN ("Wife") is the 100% owner, managing member of IGNIS PERFORMANCE, LLC, and REZILYENS LLC.

10. Cystems Logic, Inc. is a creditor of the Debtors by virtue of a judgment in its favor and against AZUR, Inc. d/b/a AZUR INFOTECH, INC. entered September 21, 2016 in the amount of **$377,701.24** in the case commonly known as *Cystems Logic, Inc. v. Azur, Inc.,* Case No. 16 CV 2603, formerly pending in the United States District Court for the Northern District of Illinois. (the "Cystems' Judgment"). The Cystems' Judgment was scheduled by the Debtors as an unsecure claim on Schedule E/F of their bankruptcy scheduled in the amount of **$322,930.31**

11. Upon information and belief, prior to the filing of the instant Voluntary Petition, the Husband received regular paychecks or distributions from AZUR, INC, AZUR INFOTECH, INC and/or AZUR GLOAL, INC. (the Husband's Three Companies") as well the benefit of other transfers. However, no pre-petition payments or other distributions from these companies to the Husband were disclosed in the

Statement of Financial Affairs filed by the Debtors in this case.

12. Upon information and belief, prior to the filing of the instant case, the Wife received checks from the Husband's Three Companies as well the benefit of other transfers from the Debtor. However, no pre-petition payments or other distributions from the Husband's Three Companies were disclosed in the Statement of Financial Affairs filed by the Debtors in this case.

13. AZUR GLOBAL, INC. ("AGI"), is an Illinois corporation that was owned and operated by the Husband. AGI is the alleged owner of various items of equipment (the "Equipment") and Accounts Receivable for its use in the operation of its business. Cystems Logic, Inc. verily believes the Equipment and other assets may have been transferred by the Debtor for no consideration or acquired with funds of the Debtor but hidden in the name of AGI, as a means to shield said Equipment and other assets from the rights of creditors. Questions exist as to whether the equipment and other assets of AGI constitutes property of Debtor or property that should be recovered by the Debtor for the benefit of the estate.

14. Cystems Logic, Inc. seeks to examine Husband, and Wife related to assets and causes of actions belonging to the Debtors as well as the truth, accuracy and completeness of the disclosures made by the Debtors in their Schedules and Statement of Financial Affairs filed with this Court.

15. Cystems Logic, Inc. seeks production from the Husband, and Wife of the documents listed on the enclosed FIRST REQUEST FOR PRODUCTION OF DOCUMENTS UNDER BANKRUPTCY RULE 2004 attached hereto as **Exhibit 3.** The documents sought are related to assets and causes of actions belonging to the Debtors as well as the truth, accuracy and completeness of the disclosures made by the Debtors in their Schedules and Statement of Financial Affairs filed with this Court.

16. Cystems Logic, Inc. also seeks to examine the outside accountant for the Debtors and their companies, ROBERT E LEE, of Emmett Financial Services, 13719 West Laurel Avenue, Lake Forest Illinois 60045, who is the accountant used by the Debtors to prepare the Debtors' federal income tax returns and the returns for the aforesaid businesses and corporations and limited liability companies, related to assets

and causes of actions belonging to the Debtors as well as the truth, accuracy and completeness of the disclosures made by the Debtors in their Schedules and Statement of Financial Affairs filed with this Court.

## BASIS FOR RELIEF REQUESTED

17. Section 105(a) of the Bankruptcy Code permits the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]." 11 U.S.C. § 105(a).

18. Fed. R. Bankr. P. 2004(a) authorizes the Court to order the examination of any entity on motion of any party in interest. Fed. R. Bankr. P. 2004(a). The scope of the examination is governed by Rule 2004(b), which provides in relevant part, that:

> The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

19. The attendance of a non-party entity for examination and the production of documentary evidence can be compelled as provided in Fed. R. Bankr. P. 9016 pursuant to Fed. R. Bankr. P. 2004(c).

20. The scope of inquiry under Rule 2004 is very broad. The broad purpose and breath of Rule 2004 is discussed in *In re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D. N.Y. 1996), which provides:

> Fed R. Bankr. P 2004(a) allows the court, upon motion of any party in interest or upon an *ex parte* basis, to order the examination of any entity. [It] "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate, or the debtor's right to discharge." Fed R. Bankr. P. 2004(b). Third parties are also subject to examination under this rule if they possess knowledge of the debtor's acts, conduct or financial affairs which relate to the bankruptcy proceedin g. The scope of this examination is admittedly "unfettered and broad."
> *In re Wilcher,* 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

*Id*. at 27-28 (most citations omitted). The examination can "legitimately be in the nature of a fishing expedition." *Wilcher*, 56 B.R. at 433.

21. Fed. R. Bankr. P. 2004(c) authorizes the Court to order the production of documentary

evidence pursuant to Fed. R. Bank. P. 9016.

22. Notice of this Motion has been provided to counsel for the Debtors.

**WHEREFORE**, CYSTEMS LOGIC, INC. pursuant to Bankruptcy Rule 2004, prays for entry of an Order as follows:

A. Granting CYSTEMS LOGIC, INC.'s Motion For Leave to Conduct 2004 Examinations of each Debtor;

B. Ordering the Debtors to produce the records listed in the attached First Request for Produce pursuant to Bankruptcy Rule 2004;

C. Authorizing CYSTEMS LOGIC, INC. to issue a Subpoena *Duces Tecum* to the Debtor's accountant ROBERT E LEE, of Emmett Financial Services, 13719 West Laurel Avenue, Lake Forest Illinois 60045; and,

D. For such other further relief as this Court deems just.

/s/ Herman J. Marino
Herman J. Marino, Esq.

HERMAN J. MARINO, LTD., P.C.
Herman J. Marino (Atty. ID #1765817)
Danielle K. Kegley (Atty. ID #6320903)
53 West Jackson Blvd., Suite 1557
Chicago, Illinois 60604
(312) 347-9990
hjmarino@marinotaxlaw.com
dkegley@marinotaxlaw.com
*Attorneys for Cystems Logic, Inc.*